UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIEWALL INVESTMENTS LIMITED (d/b/a MobCo Media),<br><br>Plaintiff,<br><br>-against-<br><br>DEFY MEDIA, LLC,<br><br>Defendant. | Case No. 18-09845<br><br>**COMPLAINT** |

Plaintiff ViewAll Investments Limited, by and through its attorneys, Rasco Klock Perez & Nieto, LLC, allege as follows:

### NATURE OF THE ACTION

1. This is an action for breach of contract, account stated, and quantum meruit.

2. Defendant Defy Media, LLC ("Defy") is an advertising company. Plaintiff ViewAll Investments Limited ("ViewAll") is a media platform through which Defy sought to publish video advertising to users of certain websites.

3. Defy and ViewAll entered into an agreement, an industry standard Defy form, which governed the terms of the parties' relationship and the compensation ViewAll would receive for publishing the advertising.

4. ViewAll complied with all of its obligations under the agreement and successfully published Defy's advertising content. Defy, however, has refused to pay ViewAll the agreed-upon compensation for ViewAll's services without justification.

5. Defy does not dispute ViewAll's invoices and has not provided any justification for its failure to pay. Defy breached the agreement between the parties and ignored ViewAll's requests for compensation.

6. ViewAll is entitled to recover all amounts owed to it, at least $101,583.51, plus pre- and post-judgment interest.

## PARTIES

7. Plaintiff ViewAll is a Cypriot company with its principal place of business in Tel Aviv, Israel.

8. Defendant Defy is a Delaware limited liability company with its principal place of business located at 366 5th Ave, 4th Floor, New York, NY 10001. Defy is registered to do business in the State of New York.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship and the amount in controversy exceeds $75,000. Also, pursuant to the agreement between the parties, the parties agreed that any disputes under the agreement "may be brought in the state and the Federal courts located in New York County in New York City."

10. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defy resides in this District and a substantial part of the events giving rise to ViewAll's claims — namely Defy's conduct — occurred in this District.

## FACTS

11. ViewAll is a media platform through which advertisers can publish content to internet and mobile users.

12. Defy is an advertising company that creates or distributes content for advertisers.

2

13. On or about October 25, 2017, ViewAll and Defy entered into an agreement (the "Agreement") that permitted ViewAll to distribute video advertising through websites for Defy.

14. The Agreement requires Defy to pay ViewAll based on the traffic of the advertising (i.e. "clicks").

15. The Agreement is an industry standard form agreement, drafted by Defy, and contains a footer from Defy.

16. The Agreement has a term of one year, which is automatically renewed.

17. The Agreement requires Defy to pay ViewAll the compensation called for under the Agreement within 45 days of receipt of ViewAll's monthly invoice. Defy failed to do so for any month and has not paid ViewAll at all.

18. ViewAll complied with all of its obligations under the Agreement and published Defy's advertising content to users of certain websites. ViewAll was entitled to compensation under the Agreement for doing so.

19. On December 1, 2017, ViewAll sent Defy an invoice in the amount of $12,456.98 for ViewAll's publication of Defy's video advertising in November 2017, based upon the compensation calculation specified in the Agreement. Defy did not object or respond to the invoice in any way. Defy has not paid the invoice.

20. On January 1, 2018, ViewAll sent Defy an invoice in the amount of $84,147.22 for ViewAll's publication of Defy's video advertising in December 2017, based upon the compensation calculation specified in the Agreement. Defy did not object or respond to the invoice in any way. Defy has not paid the invoice.

21. On March 1, 2018, ViewAll sent Defy an invoice in the amount of $2,919.98 for ViewAll's publication of Defy's video advertising in February 2018, based upon the compensation

calculation specified in the Agreement.  Defy did not object or respond to the invoice in any way.  Defy has not paid the invoice.

22. On April 1, 2018, ViewAll sent Defy an invoice in the amount of $2,059.22 based upon the compensation calculation specified in the Agreement.  Defy did not object or respond to the invoice in any way.  Defy has not paid the invoice.

23. The total of the December 1, 2017, January 1, 2018, March 1, 2018, and April 1, 2018 invoices is $101,583.51.

24. In approximately March 2018, ViewAll communicated with Defy, both by email and by telephone, regarding the outstanding balance.  Defy did not dispute its obligation to pay or the amount owed in any way during those communications.  Instead, Defy gave a series of excuses for the delay and asked for more time to pay.  That additional time has come and gone without payment.

25. On May 8, 2018 and May 15, 2018, ViewAll, through counsel, sent Defy a letter demanding payment of the $101,583.51 owed.  Defy ignored the demands.

## FIRST CAUSE OF ACTION
### Breach of Contract

26. Plaintiff repeats, reiterates, and realleges each of the prior paragraphs contained in this complaint with the same force and effect as if fully stated herein.

27. ViewAll and Defy entered a valid, enforceable, binding written Agreement on or about October 25, 2017.

28. ViewAll has fully and materially performed all of its obligations under the Agreement and, to the extent the Agreement contains conditions precedent, ViewAll has satisfied all such conditions precedent.

29. Defy failed to pay ViewAll the agreed-upon compensation as required by the Agreement.

30. As a direct result of Defy's breach of the Agreement, ViewAll has been damaged in an amount to be determined at trial, of at least $101,583.51, plus interest and costs.

## SECOND CAUSE OF ACTION
### Account Stated

31. Plaintiff repeats, reiterates, and realleges each of the prior paragraphs as contained in this complaint with the same force and effect as if fully stated herein.

32. ViewAll sent invoices to Defy for the fair, reasonable, and agreed-upon value of the services it rendered at the request of Defy.

33. Defy did not object to the invoices sent by ViewAll when rendered by ViewAll. In fact, Defy stated that they intended to pay the invoices.

34. Therefore, Defy owes ViewAll $101,583.51 as an account stated and is liable for same, plus interest and costs.

## THIRD CAUSE OF ACTION
### Quantum Meruit

35. Plaintiff repeats, reiterates, and realleges each of the prior paragraphs as contained in this complaint with the same force and effect as if fully stated herein.

36. ViewAll performed services for Defy in good faith.

37. Defy accepted ViewAll's services knowing that ViewAll expected to be paid for those services.

38. ViewAll reasonably expected to be paid for the work it performed. Defy offered ViewAll its industry standard form compensation agreement for such work, and ViewAll reasonably expected Defy to comply with the offered compensation.

39. Despite ViewAll's demands and Defy's acceptance of the benefits of ViewAll's work, Defy has failed to pay any compensation to ViewAll.

40. ViewAll is entitled to payment for the fair value of the services it rendered.

41. ViewAll has been damaged in the amount of the fair value of the services rendered in an amount to be determined at trial but not less than the amount of $101,583.51, plus interest and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A) Compensatory damages in an amount to be determined at trial, of at least $101,583.51;

B) Costs;

C) Pre- and post-judgment interest; and

D) All other relief that this Court deems just and proper.

Dated: October 24, 2018
New York, New York

RASCO KLOCK PEREZ & NIETO, LLC

Blaine Bortnick
James Halter
555 Fifth Avenue, 17th Floor
New York, New York 10017
Phone: (305) 476-7100
*Attorneys for Plaintiff*